# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JACK S. HOLMES,[1] | § | |
| | § | No. 265, 2022 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN19-02215 |
| ANGELA GRANT, | § | Petition Nos. 21-00648 |
| | § | 21-17141 |
| Respondent Below, | § | 21-10929 |
| Appellee. | § | |

Submitted: February 10, 2023
Decided: April 3, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>ORDER</u>

After careful consideration of the opening brief and the record on appeal, we conclude that the judgment below should be affirmed on the basis of the Family Court's order dated July 18, 2022. Among other things, the Family Court's order modified the primary residential placement and contact schedule for the parties' youngest child, which had previously been established in a consent order. The Family Court acted within its broad discretion when concluding that the child's primary residence would be with the appellee, that the child would be enrolled in

---

[1] The Court previously assigned pseudonyms to the parties pursuant to Supreme Court Rule 7(d).

school from the appellee's address, and in determining the contact schedule.[2] Factual findings will not be disturbed on appeal unless they are clearly erroneous, and when the determination of facts turns on a question of the credibility of the witnesses appearing before the trial court, we will not substitute our opinion for that of the trier of fact.[3] To the extent that the appellant argues that the residential placement and contact schedule should be altered based on events that have occurred since the Family Court entered the order that is the subject of the appeal, that claim must be presented to the Family Court in the first instance.[4] As to the appellant's claim that the Family Court erred by altering the contact schedule without finding that continuing the existing contact schedule "would endanger the child's physical health or significantly impair his or her emotional development" under 13 *Del. C.* § 728(a), this argument was not presented to the Family Court in the first instance.[5] In any event, we cannot conclude as a matter of law that the contact schedule

---

[2] *See Vilda v. Vilda*, 1992 WL 397462, at *3 (Del. Nov. 13, 1992) ("The crafting of a visitation schedule is a matter within the Family Court's discretion.").
[3] *Shimel v. Shimel*, 2019 WL 2142066, at *2 (Del. May 14, 2019).
[4] *See Price v. Boulden*, 2014 WL 3566030, at *2 (Del. July 14, 2014) ("[T]his evidence was not available to the Family Court in the first instance, is outside of the record on appeal, and cannot properly be considered by this Court."); *Del. Elec. Coop., Inc. v. Duphily,* 703 A.2d 1202, 1206 (Del. 1997) ("It is a basic tenet of appellate practice that an appellate court reviews only matters considered in the first instance by a trial court.").
[5] *See* DEL. SUPR. CT. R. 8 ("Only questions fairly presented to the trial court may be presented for review; provided, however, that when the interests of justice so require, the court may consider and determine any question not so presented."); *Duphily*, 703 A.2d at 1206.

established by the Family Court does not provide "frequent and meaningful contact" between the child and the appellant.[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[6] *See* 13 *Del. C.* § 728(a) ("The Court shall determine, whether the parents have joint legal custody of the child or 1 of them has sole legal custody of the child, with which parent the child shall primarily reside and a schedule of visitation with the other parent, consistent with the child's best interests and maturity, which is designed to permit and encourage the child to have frequent and meaningful contact with both parents unless the Court finds, after a hearing, that contact of the child with 1 parent would endanger the child's physical health or significantly impair his or her emotional development. The Court shall specifically state in any order denying or restricting a parent's access to a child the facts and conclusions in support of such a denial or restriction.").